IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY L. BEALS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-15-922-C |
| | ) | |
| SCOTT JAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff filed the present action pursuant to 42 U.S.C. § 1983. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Shon T. Erwin. Judge Erwin entered a Report and Recommendation ("R&R") on May 10, 2017, recommending judgment be entered as to certain claims and that others be dismissed without prejudice. Plaintiff has objected to the R&R.

In the R&R, Judge Erwin sets out the history of this case. In summary, Plaintiff filed his action alleging violation of his constitutional rights. According to Plaintiff, Defendants illegally restricted his incoming and outgoing mail. The present R&R addresses Plaintiff's claims against Defendants Gina Webb, the District Attorney's Office, and the State of Oklahoma. Judge Erwin recommends entry of Judgment in favor of Defendant Webb and dismissal without prejudice of the District Attorney's Office and the State of Oklahoma. Judge Erwin found that Defendant Webb is entitled to prosecutorial immunity and that the claims against the District Attorney's Office and the State of Oklahoma are barred by sovereign immunity.

Plaintiff raises both procedural and substantive objections. Procedurally, Plaintiff argues that he was not informed of the process to properly respond to the Motion. Additionally, Plaintiff asserts that Defendant's Motion violates LCvR7.1 and/or Fed. R. Civ. P. 12(g) in that it improperly joins two Motions.[1] Neither objection has merit. Plaintiff filed a proper Objection to the Motion for Summary Judgment and to the R&R. The R&R's recommended disposition is not based on some failure of Plaintiff to provide a legal or factual rebuttal. Rather, the determinations by Judge Erwin are based on operation of law and facts, which are undisputed. Finally, filing the Motion in the alternative, as was done here, does not implicate the improper joinder of Motions prohibited by LCvR7.1 or Fed. R. Civ. P. 12(g).

Plaintiff's substantive objections fare no better. Plaintiff argues that there are genuine issues of material fact which preclude entry of judgment in Defendant Webb's favor. However, the facts Plaintiff recites do not address Webb's entitlement to immunity. As Judge Erwin noted, each of the acts undertaken by Webb arose as a result of her duties as a prosecutor. Thus, she is entitled to immunity. Plaintiff also objects that Defendant Webb's actions were outside the scope of immunity because she acted outside her prosecutorial role. This argument also fails. The facts, even as alleged by Plaintiff, demonstrate that all actions taken by Defendant Webb related to Plaintiff's mail occurred

---

[1] The Motion is entitled "Defendant Gina Webb's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment."

within the scope of her duties as a prosecutor. Thus, Defendant Webb, in her individual capacity, is entitled to prosecutorial immunity and judgment in her favor will be entered.

Plaintiff's objection to Judge Erwin's sovereign immunity recommendation is limited. Plaintiff does not dispute Defendants the District Attorney's Office and the State of Oklahoma are entitled to immunity on his claims for monetary relief. However, Plaintiff argues that he has a valid claim for injunctive relief against these Defendants. According to Plaintiff, not all of his mail has been released. Therefore, he should be permitted to pursue injunctive relief. Plaintiff's argument is counter to the evidence before the Court. (See Dkt. No. 55, Ex. 18, p. 23.) Plaintiff offers nothing other than a conclusory allegation to counter this evidence. Accordingly, he has failed to offer any basis to support an injunctive relief claim. Therefore, Plaintiff's claims against the District Attorney's Office and the State of Oklahoma will be dismissed without prejudice based on sovereign immunity.[2]

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge (Dkt. No. 83). For the reasons set forth in the R&R and this Order, judgment will be entered in favor of Defendant Webb in her individual capacity. The District Attorney's Office and the State of Oklahoma are DISMISSED without prejudice. A judgment will issue at the conclusion of the case.

---

[2] To the extent Plaintiff attempts to raise claims against Defendant Webb in her official capacity, those claims are also barred by sovereign immunity.

IT IS SO ORDERED this 28th day of June 2017.

ROBIN J. CAUTHRON
United States District Judge